UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILIP KURLANDER, M.D. and
BAKER HILL HOLDING,

    Plaintiffs,

v.                                          CASE NO. 8:19-cv-644-T-02CPT

ROBERT R. KAPLAN,
ROBERT R. KAPLAN, JR.,
LEO KIELY, SCOTT MUSIL,
BILL FIELDS, and HC GOVERNMENT
REALTY TRUST, INC.,

    Defendants.
_____/

# **O R D E R**

This matter came before the Court upon the Plaintiffs' motion for temporary restraining order without notice (Dkt. 3). The Court has reviewed the motion, the verified complaint, and all matters on file. The motion is denied.

The purpose of a temporary restraining order is to maintain the *status quo* until the Court issues a decision on the merits of the action. *United States v. DBB, Inc.*, 180 F.3d 1277, 1282 (11th Cir. 1999). A plaintiff requesting a temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable

injury will be suffered if the relief is not granted [that is, there is no adequate remedy at law]; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Siebert v. Allen*, 506 F.3d 1047, 1049 (11th Cir. 2007) (citing *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005)). "[A] preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." *Suntrust Bank v. Houghton Mifflin Co.*, 252 F. 3d 1165, 1166 (11th Cir. 2001) (citation omitted).

This matter is a law suit concerning control and financing of a real estate investment company. According to the complaint, some negotiations were underway to buy out the interests of the plaintiff-related entities. Those negotiations foundered, apparently upon a dispute about price. *See* Dkt. 1, Verified Complaint ¶¶45 - 49. After this dispute arose, the Board held a contested meeting, and entertained a loan package that Plaintiffs refer to as the "Hale package."

Plaintiffs seek to enjoin consummation of this Hale package, via injunction without notice. They contend for various reasons it is improper, and would dilute their interests substantially or entirely. As part of the suit they bring several

counts, the gravamen of which seek dissolution and damages for breach of fiduciary duty.  Because Plaintiffs possess an adequate remedy at law, money damages, the Court determines that a temporary injunction without notice is not appropriate.  *See Weaver v. Florida Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999) (citing *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1527 (11th Cir. 1994), which states the axiom that cases seeking monetary damages do not fall within the jurisdiction of equity).   Accordingly, Plaintiffs' Motion for Temporary Restraining Order (Dkt. 3) is denied.

**DONE AND ORDERED** at Tampa, Florida, on March 18, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record